1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA

10   VICKI LYNN BUTLER,              )   Case No. CV 13-4941 JC
                                     )
11                    Petitioner,    )   MEMORANDUM OPINION AND
                                     )   ORDER DENYING PETITION FOR
12             v .                   )   WRIT OF HABEAS CORPUS AND
                                     )   DISMISSING ACTION
13                                   )
     LOS ANGELES COUNTY              )
14   PROBATION DEPT.,                )
                                     )
15                                   )
                                     )
16                    Respondent.    )
     _____)
17

18   **I.    SUMMARY**

19          On July 10, 2013, petitioner, who is on probation and is proceeding *pro se*,

20   filed a Petition for Writ of Habeas Corpus by a Person in State Custody

21   ("Petition"), with an attached memorandum ("Petition Memo") and exhibits.

22   Petitioner, who was convicted in 2008 in Los Angeles County Superior Court

23   following a nolo contendere plea, appears to challenge her conviction and

24   sentence, claiming that the attorney who represented her during the preliminary

25   hearing was ineffective.  (Petition at 5-6).

26   ///

27   ///

28   ///

1    On July 16, 2013, the Court directed the parties to file memoranda
2  addressing whether the Petition is barred by the statute of limitations.[1]  On
3  August 1, 2013, respondent filed Respondent's Brief Regarding Statute of
4  Limitations ("Respondent's S/L Memo") and lodged multiple documents.  On
5  September 10, 2013, petitioner filed a responsive memorandum  ("Petitioner's S/L
6  Memo"), wherein petitioner "clarifies" the Petition, asserting that she is claiming
7  "actual innocence," as to which the statute of limitations assertedly does not apply.

8    On October 15, 2013, respondent filed Respondent's Reply Brief and
9  lodged additional documents.  On November 8, 2013, petitioner also lodged a
10  document.  On December 6, 2013, petitioner filed Petitioner's Reply Brief
11  Regarding Respondent's Brief ("Petitioner's S/L Reply") and a separate notice of
12  lodged document which was unaccompanied by any lodgment.

13    Meanwhile, on November 14, 2013, the Court directed respondent to file an
14  Answer addressing the merits of the claims in the pending Petition, and to lodge
15  all records bearing on the merits of petitioner's claims.  On December 16, 2013,
16  respondent filed an Answer ("Answer") and lodged additional documents.[2]  On
17  February 5, 2014, petitioner filed a Reply ("Reply") with attached exhibits ("Reply
18  Ex.").

19    The parties have consented to proceed before the undersigned United States
20  Magistrate Judge.

21    Based upon the Court's consideration of the parties' submissions, the facts,
22  and the governing law, and for the reasons discussed below, the Court finds that

23

24  ────────────────

25    [1]Federal courts are permitted to consider, *sua sponte*, the timeliness of a state prisoner's
26  habeas petition, but must accord the parties fair notice and an opportunity to present their
   positions before taking any action on that basis.  Day v. McDonough, 547 U.S. 198, 209-10
   (2006); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

27    [2]The documents lodged by respondent on August 1, 2013, October 15, 2013, and
28  December 16, 2013, are collectively referred to as "Lodged Doc[s]."

petitioner's ineffective assistance of counsel claims are time-barred and that any freestanding actual innocence claim is without merit.  Accordingly, the Court denies the Petition and dismisses this action with prejudice.

## II.   PROCEDURAL HISTORY

On November 25, 2008, pursuant to a negotiated disposition, petitioner pleaded nolo contendere in Los Angeles County Superior Court to two felony charges – grand theft of personal property (Cal. Penal Code § 487(a)) and making a false financial statement (Cal. Penal Code § 532a(1)).  (Petition at 2; Lodged Doc. 3 at 4; Lodged Doc 12).  On January 15, 2009, the court sentenced petitioner to time served in County Jail and five years probation and ordered her to make restitution.  (Lodged Doc. 3 at 5).  Petitioner did not pursue a direct appeal.[3] (Respondent's S/L Memo at 5).

On July 16, 2012, petitioner filed a habeas petition in Superior Court. (Lodged Doc. 3 at 9).  On August 8, 2012, the Superior Court denied the petition in a reasoned decision.  (Lodged Doc. 3 at 9-11; Lodged Doc. 6).

On August 9, 2012, petitioner filed another habeas petition in Superior Court.  (Lodged Doc. 3 at 12).  On August 21, 2012, the Superior Court denied the petition for the same reasons that it denied the prior petition.  (Lodged Doc. 3 at 12).

On August 27, 2012, petitioner filed another habeas petition in Superior Court.  On August 28, 2012, the Superior Court denied the petition for the same reasons that it denied the prior petitions.   (Lodged Doc. 3 at 12-13).

///

///

[3]Although petitioner represents in the Petition that she *did* appeal (Petition at 2-3) and that she *did not* file any habeas petitions in state court (Petition at 3), the information she supplies regarding her alleged direct appeal (*e.g.*, case numbers, decision dates) pertain to state habeas actions, not a direct appeal.  Compare Lodged Docs. 4-10 with Petition at 2-3.

1    On November 26, 2012, petitioner filed a habeas petition in the California

2    Court of Appeal.  (Lodged Docs. 4, 7).  On December 12, 2012, the Court of

3    Appeal denied the petition without comment.  (Lodged Doc. 8).

4        On March 22, 2013, petitioner filed a habeas petition in the California

5    Supreme Court.  (Lodged Docs. 5, 9).  On May 1, 2013, the California Supreme

6    Court denied the petition with citations to <u>People v. Duvall</u>, 9 Cal. 4th 464, 474

7    (1949) and <u>In re Swain</u>, 34 Cal. 2d 300, 304 (1949).  (Lodged Doc. 10).

8    **III.    DISCUSSION**

9        **A.    Petitioner's Ineffective Assistance of Counsel Claims Are Time-**

10             **Barred**

11             **1.    Accrual of the Statute of Limitations**

12        Pursuant to 28 U.S.C. § 2244(d)(1), a one-year statute of limitations exists

13   for the filing of habeas petitions by persons in state custody.  The limitation period

14   runs from the latest of:  (1) the date on which the judgment became final by the

15   conclusion of direct review or the expiration of the time for seeking such review

16   (28 U.S.C. § 2244(d)(1)(A)); (2) the date on which the impediment to filing an

17   application created by State action in violation of the Constitution or laws of the

18   United States is removed, if the applicant was prevented from filing by such State

19   action (28 U.S.C. § 2244(d)(1)(B)); (3) the date on which the constitutional right

20   asserted was initially recognized by the Supreme Court, if the right has been newly

21   recognized by the Supreme Court and made retroactively applicable to cases on

22   collateral review (28 U.S.C. § 2244(d)(1)(C)); or (4) the date on which the factual

23   predicate of the claim or claims presented could have been discovered through the

24   exercise of due diligence (28 U.S.C. § 2244(d)(1)(D)).  The Court must evaluate

25   the commencement of the limitations period on a claim-by-claim basis.  <u>Mardesich</u>

26   <u>v. Cate</u>, 668 F.3d 1164, 1171 (9th Cir. 2012).

27        Petitioner's conviction became final on March 16, 2009 – sixty days after

28   sentencing on January 15, 2009 – when the time to appeal the judgment expired.

4

1   <u>See</u> Cal. R. Ct. 8.308(a).  Accordingly, the statute of limitations commenced to run

2   on her ineffective assistance of counsel claims on March 17, 2009, unless

3   subsections B, C or D of 28 U.S.C. § 2244(d)(1) apply in the present case.  <u>See</u>

4   28 U.S.C. § 2244(d)(1)(A).

5        Subsection B of 28 U.S.C. § 2244(d)(1) has no application in the present

6   case.  Petitioner does not allege, and this Court finds no indication, that any illegal

7   state action prevented petitioner from filing the present Petition sooner.

8        Subsection C of 28 U.S.C. § 2244(d)(1) also has no application in the

9   present case.  Petitioner's ineffective assistance of counsel claims are not

10  predicated on a constitutional right "newly recognized by the Supreme Court and

11  made retroactively applicable to cases on collateral review."  Petitioner's citation

12  to <u>McQuiggin v. Perkins</u>, 133 S. Ct. 1924 (2013) (a showing of actual innocence

13  under the standard set forth in <u>Schlup v. Delo</u>, 513 U.S. 298 (1995), may serve as

14  gateway to hearing otherwise time-barred claims)) (<u>see</u> Petitioner's S/L Reply

15  at 1, 8), does not establish that she is relying on a newly-recognized constitutional

16  right as would provide a later commencement date.  <u>See</u> <u>Schlup</u>, 513 U.S. at 315

17  ("claim of innocence is. . . 'not itself a constitutional claim, but instead a gateway

18  through which a habeas petitioner must pass to have his otherwise barred

19  constitutional claim considered on the merits'") (quoting <u>Herrera v. Collins</u>, 506

20  U.S. 390, 404 (1993)).  In any event, as discussed below, petitioner has not met

21  the stringent standard for hearing her claims under <u>Schlup</u>.

22       Application of subsection D of 28 U.S.C. § 2244(d)(1) also does not furnish

23  a later date for commencement of the one-year period of limitations.  Petitioner's

24  ineffective assistance of counsel claims arise from events which occurred no later

25  than the date on which her conviction became final and which were or should have

26  been contemporaneously known to her.  To the extent petitioner suggests that her

27  claims did not accrue until she had "learn[ed] how to research law" and filed her

28  first state habeas petition with the Superior Court on July 16, 2012 (Petitioner's

1    S/L Reply at 3), because only then did petitioner discover that she had a legal

2    basis to pursue her claims, she is mistaken.  Under Section 2244(d)(1)(D), the

3    statute of limitations commences when a petitioner knows, or through the exercise

4    of due diligence could discover, the *factual* predicates of her claims, not when a

5    petitioner learns the legal significance of those facts.  Redd v. McGrath, 343 F.3d

6    1077, 1084 (9th Cir. 2003); Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir.

7    2001), cert. denied, 549 U.S. 904 (2006).  Section 2244(d)(1)(D) does not require

8    the maximum feasible diligence, but it does require reasonable diligence in the

9    circumstances.  Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir.), cert. denied,

10   133 S. Ct. 769 (2012).  "[T]he petitioner bears the burden of proving that he

11   exercised due diligence, in order for the statute of limitations to begin running

12   from the date he discovered the factual predicate of his claim, pursuant to 28

13   U.S.C. § 2244(d)(1)(D)."  DiCenzi v. Rose, 452 F.3d 465, 471 (6th Cir. 2006).

14         Here, petitioner knew or should have known of the *factual* predicates of her

15   claims well before her conviction was final, as such claims are predicated on

16   events which occurred in her presence and/or of which she admittedly was

17   contemporaneously aware prior to her conviction being final.  Petitioner alleges

18   that she is actually innocent because she did not alter the documents transferring

19   the alleged victim's property to herself, did not induce or coerce the alleged victim

20   into executing those documents, and actually believed she had a right to the

21   alleged victim's property.  (Petition Memo at 10, 12; Petitioner's S/L Reply at

22   4-7).  She also alleges that her private counsel, Ronald White, who represented

23   petitioner from arraignment through the preliminary hearing, was deficient for

24   failing adequately to research the facts and case law, and for failing to subpoena

25   certain witnesses.  Had White "done his paid job," petitioner argues that the

26   charges would have been dismissed for failure to show that petitioner had

27   committed an illegal act, and she therefore would not have pleaded no contest to

28   two of the charges against her.  (Petition at 5-6; Petitioner's S/L Reply at 10-12;

1  Lodged Doc. 2 (court minutes reflecting White's representation through the

2  preliminary hearing); Lodged Doc. 3 at 2 (court minutes reflecting that White was

3  relieved as petitioner's counsel when the matter was called for a pretrial

4  conference); Lodged Doc. 11 at 59-60 (counsel arguing at the preliminary hearing

5  to dismiss the charges against petitioner for lack of any showing of any unlawful

6  act or criminal culpability on the part of petitioner)).  In short, petitioner's

7  allegations concern acts which predate her conviction, which plainly were known

8  to petitioner prior to her conviction.  She therefore fails to demonstrate entitlement

9  to a delayed accrual date under Section 2244(d)(1)(D).

10       Consequently, the statute of limitations in this case commenced to run on

11  March 17, 2009, the day after petitioner's conviction became final, and, absent

12  tolling, expired on March 16, 2010.

13                       **2.     Statutory Tolling**

14       Title 28 U.S.C. § 2244(d)(2) provides that the "time during which a properly

15  filed application for State post-conviction or other collateral review with respect to

16  the pertinent judgment or claim is pending shall not be counted toward" the one-

17  year statute of limitations period.  Petitioner "bears the burden of proving that the

18  statute of limitations was tolled." Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir.

19  2010), cert. denied, 131 S. Ct. 3023 (2011).

20       The statute of limitations is not tolled from the time a final decision is

21  issued on direct state appeal and the time the first state collateral challenge is filed

22  because there is no case pending during that interval. Porter v. Ollison, 620 F.3d

23  952, 958 (9th Cir. 2010) (citations omitted).

24       Petitioner neither filed, nor had pending any state habeas petition during the

25  period in which the statute of limitations was running (*i.e.,* from March 17, 2009

26  to March 16, 2010).  Petitioner's subsequently filed state habeas petitions cannot

27  toll the statute of limitations.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th

28  ///

1  Cir.) (section 2244(d) does not permit reinitiation of limitations period that ended

2  before state petition filed), cert. denied, 540 U.S. 924 (2003).

3          Consequently, statutory tolling cannot render the Petition timely filed.

4                   **3.     Equitable Tolling**

5          The United States Supreme Court has recognized that 28 U.S.C. § 2244(d)

6  is subject to equitable tolling in appropriate cases.  Holland v. Florida, 560 U.S.

7  631, 645 (2010).  In order for a litigant to be entitled to equitable tolling, she must

8  establish that:  (1) she has been pursuing her rights diligently; and (2) some

9  extraordinary circumstance stood in her way.  Id. at 6 (citing  Pace v.

10  DiGuglielmo, 544 U.S. 408, 418 (2005)); Lawrence v. Florida, 549 U.S. 327, 336

11  (2007); Porter v. Ollison, 620 F.3d at 959.  "[T]he threshold necessary to trigger

12  equitable tolling is very high, lest the exceptions swallow the rule."  Mendoza v.

13  Carey, 449 F.3d 1065, 1068 (9th Cir. 2006) (quoting Miranda v. Castro, 292 F.3d

14  1063, 1066 (9th Cir.), cert. denied, 537 U.S. 1003 (2002)).  Petitioner must prove

15  that the alleged extraordinary circumstance was a proximate cause of her

16  untimeliness and that the extraordinary circumstance made it impossible to file a

17  petition on time.  Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009); Roy v.

18  Lampert, 465 F.3d 964, 973 (9th Cir. 2006), cert. denied, 549 U.S. 1317 (2007).

19  In this case, petitioner demonstrates neither diligence nor the existence of

20  extraordinary circumstances.

21          To the extent petitioner claims that she is entitled to equitable tolling

22  because of her asserted delay in discovering the legal significance of the factual

23  predicates for her claims (Petitioner's S/L Reply at 3), she is incorrect.  As noted

24  above, petitioner was or reasonably should have been aware of the *factual*

25  predicates for her claims before her conviction became final.  To the extent she

26  claims equitable tolling based upon her assertedly delayed discovery of the legal

27  predicates for her claims due to her ignorance of the law and lack of legal

28  sophistication, she fails to demonstrate an entitlement to equitable tolling.  See

1  Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (*pro se* petitioner's

2  ignorance of the law/lack of legal sophistication not, by itself, extraordinary

3  circumstance that warrant equitable tolling); Waldron-Ramsey v. Pacholke, 556

4  F.3d 1008, 1013 n.4 (9th Cir.) ("[A] pro se petitioner's confusion or ignorance of

5  the law is not, itself, a circumstance warranting equitable tolling."), cert. denied,

6  558 U.S. 897 (2009).  Further, any argument that a petitioner should receive

7  equitable tolling because her constitutional rights assertedly have been violated –

8  if accepted – would effectively and improperly create an exception which

9  swallows the rule that equitable tolling should be afforded in limited

10  circumstances as virtually every habeas petitioner asserts that his or her

11  constitutional rights have been violated.

12        In short, petitioner has demonstrated neither reasonable diligence nor the

13  existence of any extraordinary circumstance which would merit equitable tolling.

14  Accordingly, the statute of limitations in this case expired on March 16, 2010 –

15  more than three years before petitioner filed the instant federal Petition on July 10,

16  2013.

17                    **4.    Actual Innocence**

18        Petitioner argues that the Court should consider the merits of petitioner's

19  claims because she is actually innocent and therefore not subject to 28 U.S.C.

20  section 2244(d)(1)'s statute of limitations.  (Petitioner's S/L Memo at 1;

21  Petitioner's S/L Reply at 1, 8 (citing Perkins)).  In Perkins, the Supreme Court

22  confirmed what the Ninth Circuit had already found, *i.e.,* that a plea of actual

23  innocence can overcome the statute of limitations otherwise applicable to federal

24  habeas petitions.  "[A]ctual innocence, if proved, serves as a gateway through

25  which a petitioner may pass whether the impediment is a procedural bar . . . [or]

26  expiration of the statute of limitations."  Perkins, 133 S. Ct. at 1928; see also Lee v.

27  Lampert, 653 F.3d 929, 934-37 (9th Cir. 2011) (en banc).  However, "tenable

28  actual-innocence gateway pleas are rare."  Perkins, 133 S. Ct. at 1928.  The Court

1  must apply the standards for gateway actual innocence claims set forth in Schlup.

2  See Perkins, 133 S. Ct. at 1928.  "[A] petitioner does not meet the threshold

3  requirement unless he [or she] persuades the district court that, in light of the new

4  evidence, no juror, acting reasonably, would have voted to find him [or her] guilty

5  beyond a reasonable doubt." Id. (quoting Schlup, 513 U.S. at 329). "[T]he Schlup

6  standard is demanding and permits review only in the 'extraordinary' case."

7  House v. Bell, 547 U.S. 518, 538 (2006) (quoting Schlup, 513 U.S. at 327

8  (citations omitted)).

9      In order to make a credible claim of actual innocence, a petitioner must

10  "support his allegations of constitutional error with new reliable evidence –

11  whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or

12  critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at

13  324.  The habeas court then "consider[s] all the evidence, old and new,

14  incriminating and exculpatory, admissible at trial or not." Lee, 653 F.3d at 938

15  (internal quotations omitted; citing House, 547 U.S. at 538).  On this record, the

16  court "must make a 'probabilistic determination about what reasonable, properly

17  instructed jurors would do.'" House, 547 U.S. at 538 (quoting Schlup, 513 U.S. at

18  329).  Unexplained or unjustified delay in presenting new evidence is a "factor in

19  determining whether actual innocence has been reliably shown." Perkins, 133 S.

20  Ct. at 1928, 1935; Schlup, 513 U.S. at 332 ("A court may consider how the timing

21  of the submission and the likely credibility of a [petitioner's] affiants bear on the

22  probable reliability of . . . evidence [of actual innocence].").

23      Here, petitioner has submitted no new, reliable evidence to cast doubt on

24  her conviction to permit the Court to consider her otherwise time-barred claims.

25  Petitioner has not submitted any declarations from alleged witnesses Rita Gilman,

26  Ernest Bright and John Franklin to suggest how these witnesses would testify, in

27  any way, that would suggest that petitioner is actually innocent.  (Petition, Ground

28  Two (asserting ineffective assistance for counsel's failure to subpoena these

10

witnesses to the signing of the legal documents)).  As the Superior Court observed in denying habeas relief (Lodged Doc. 6), the legal document evidence on which petitioner relies is not new and was presented at her preliminary hearing.  The presiding judge "knew that the signatures [on these documents] were real, but found theft based on the pretense of petitioner" that petitioner "was only obtaining title to the property after [the alleged victim's] death".  (Lodged Doc. 6 at 3).

Petitioner's late-filed, unsupported and unverified allegations in her Reply and the Reply exhibits about the circumstances surrounding her arrest, the distressed state of the alleged victim's property, and certain of the loan documents for the loan petitioner took out on the alleged victim's property, do not in any way cast doubt on petitioner's conviction.  (Reply at 1-2; Reply Ex.).  Petitioner's unverified allegations are not sufficiently reliable or relevant to an actual innocence claim.

Nor does petitioner demonstrate that, in light of case law subsequent to her conviction, she could not, as a legal matter, have committed the offenses in issue.  See Vosgien v. Persson, __ F.3d __, 2014 WL 555152 (9th Cir. Feb. 13, 2014) (one way petitioner can show actual innocence is to show in light of subsequent case law that he [or she] cannot, as a legal matter, have committed the alleged crime).

The fact that petitioner pleaded nolo contendere to two of the charges against her, while being represented by counsel who is not the subject of petitioner's ineffective assistance of counsel claims (Lodged Doc. 3 at 2-5 (minutes from proceedings showing substitution of new counsel after the preliminary hearing who represented petitioner through her plea)), "seriously undermines the notion" that petitioner believed she had a right to the alleged victim's property and that her conduct was  legal.  See Chestang v. Sisto, 522 Fed. Appx. 389, 390 (9th Cir.) (fact that petitioner pleaded guilty to charges while being represented by counsel, while not outright precluding actual innocence

claim, "seriously undermine[d]" petitioner's claim that he sat idly while another committed the crime), <u>cert. denied</u>, 134 S. Ct. 622 (2013).  By entering the nolo contendere plea, petitioner admitted the elements of the crimes for which she was convicted.  <u>See</u> <u>Lott v. United States</u>, 367 U.S. 421, 426 (1961) (a nolo contendere plea admits "every essential element of the offense (that is) well pleaded in the charge" and is "an admission of guilt for the purposes of the case") (citations omitted); <u>see also</u> Cal. Penal Code § 1016 (a nolo contendere plea is "considered the same as a plea of guilty").

For these reasons, petitioner's is simply not one of the extraordinary cases meriting review of petitioner's claims under the actual innocence exception to the statute of limitations.  <u>House</u>, 547 U.S. at 538; <u>Schlup</u>, 513 U.S. at 327;  <u>Lee</u>, 653 F.3d at 938; <u>compare</u> <u>Larsen v. Soto</u>, __ F.3d __, 2013 WL 6084250, at *7-8, *10-11 (9th Cir. Nov. 20, 2013) (finding petitioner met the demanding <u>Schlup</u> standard by producing witnesses with no connection to Larsen, who were never called at trial and who gave consistent credible testimony for years that someone other than Larsen committed the acts for which Larsen was convicted and sentenced, while Larsen stood nearby and did nothing at all, much less a criminal act).

## B.   Petitioner Is Not Otherwise Entitled to Relief Based upon Her Alleged "Actual Innocence"

As noted above, petitioner suggests that she is "actually innocent" of the offenses in issue.  (Petition's S/L Memo at 1).  To the extent petitioner intends to assert a freestanding claim of actual innocence, as opposed to merely a claim that her alleged actual innocence should serve as a gateway to enable the Court to address the merits of her otherwise time-barred ineffective assistance of counsel claims (addressed above), she is not entitled to federal habeas relief on such basis.

The United States Supreme Court has expressly left open the question of whether a freestanding claim of actual innocence is cognizable on federal habeas review.  <u>District Attorney's Office v. Osborne</u>, 557 U.S. 52, 71 (2009) (whether

federal constitutional right to be released upon proof of "actual innocence" exists "is an open question"); <u>Herrera</u>, 506 U.S. at 400, 417 ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."; Court assumed, without deciding, that at least in capital cases, a freestanding actual innocence claim might warrant federal habeas relief, but only upon an "extraordinarily high" threshold showing that is "truly persuasive"); <u>see also</u> <u>House</u>, 547 U.S. at 554-55 (expressly declining to resolve whether federal courts may entertain freestanding claims of actual innocence, stating only that the petitioner fell short of the "extraordinarily high" threshold suggested by the Court in <u>Herrera</u>).   However, the Ninth Circuit has assumed that freestanding actual innocence claims are cognizable in both capital and non-capital cases, and has articulated a minimum standard of proof applicable to such claims.  <u>Carriger v. Stewart</u>, 132 F.3d 463, 476 (9th Cir. 1997) (en banc), <u>cert. denied</u>, 523 U.S. 1133 (1998).  "[A] habeas petitioner asserting a freestanding innocence claim must go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably innocent."  <u>Carriger</u>, 132 F.3d at 476 (citing <u>Herrera</u>, 506 U.S. at 442-44 (Blackmun, J., dissenting)).   The petitioner's burden in such a case is "extraordinarily high" and requires a showing that is "truly persuasive."  <u>Id.</u> (quoting <u>Herrera</u>, 506 U.S. at 417); <u>see also</u> <u>Spivey v. Rocha</u>, 194 F.3d 971, 979 (9th Cir.1999) (denying habeas relief where "the totality of the new evidence [did] not undermine the structure of the prosecution's case"), <u>cert. denied</u>, 531 U.S. 995 (2000); <u>Swan v. Peterson</u>, 6 F.3d 1373, 1384-85 (9th Cir. 1993) (denying habeas relief where newly discovered evidence did not contradict materially the evidence presented at trial, did not demonstrate that the state's evidence was false, and was merely equivocal), <u>cert. denied</u>, 513 U.S. 985 (1994).

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

       Here, for the reasons discussed in Part IIIA4, supra, petitioner has presented no new evidence and certainly no evidence meeting Herrera's extraordinarily high standard for demonstrating actual innocence.  See Cooper v. Brown, 510 F.3d 870, 885 (9th Cir. 2007) (where petitioner failed to meet Schlup's/federal habeas statute's  "actual innocence" gateway, it followed that petitioner did not meet Herrera's extraordinarily high standard for actual innocence), cert. denied, 558 U.S. 1049 (2009).  Thus, even assuming an actual innocence claim is cognizable on federal habeas review, petitioner falls well short of meeting the "extraordinarily high" threshold of demonstrating that she is "probably innocent."

**IV.    ORDER**

       IT IS THEREFORE ORDERED:  (1) the Petition is denied and this action is dismissed with prejudice; and (2) Judgment shall be entered accordingly.

DATED:   March 3, 2014

_____
                                    /s/

                            Honorable Jacqueline Chooljian
                            UNITED STATES MAGISTRATE JUDGE

14